# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

ZAHIRA ÁLVAREZ,

    **Plaintiff,**

      **v.**

AMGEN MANUFACTURING LIMITED,
ET AL.

    **Defendants.**

CIVIL NO.  16-2205 (PAD)

## MEMORANDUM AND ORDER

Before the Court is defendants' "Motion to Dismiss and Compel Arbitration or, in the Alternative, Motion to Stay this Action Pending the Arbitration" (Docket No. 13), with a Report and Recommendation ("R&R") from Magistrate Judge Silvia Carreño-Coll recommending that the motion be granted (Docket No. 27).  For the reasons explained below, the Court adopts the R&R in part, grants the motion, compels the parties to submit to arbitration, and dismisses the complaint.

### I.  BACKGROUND

Plaintiff Zahira Álvarez initiated this action against Amgen Manufacturing, Limited, Amgen Worldwide Services, Inc., Amgen USA, Inc., and two company employees, José Meléndez and Rolando Águila, seeking redress for alleged discrimination pursuant to Title VII of the Civil Rights, several Puerto Rico statutes, and Section 1 of Article II of the Constitution of Puerto Rico (Docket No. 1 at ¶ 3, 6, 48).  Subsequently, defendants filed a "Motion to Dismiss and Compel Arbitration or, in the Alternative, Motion to Stay this Action Pending the Completion of Arbitration" (Docket No. 13).  Plaintiff opposed (Docket No. 20), and defendants replied (Docket No. 24).

The Court referred the motion to Magistrate Judge Silvia Carreño-Coll for a Report and Recommendation. On August 25, 2017, the Magistrate Judge recommended that defendants' motion be granted, and that the court (1) compel the plaintiff to arbitrate her claims; and (2) stay the action pending the completion of arbitration (Docket No. 27 at pp. 26-27).[1] No objection has been filed.[2]

## II. DISCUSSION

A. Referral

A district court may refer a pending motion to a magistrate judge for a report and recommendation. See 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Loc. Civ. Rule 72(b). Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report. Loc. Civ. Rule 72(d). See, 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." Ramos-Echevarria v. Pichis, Inc., 698 F.Supp.2d 262, 264 (D.P.R. 2010); Sylva v. Culebra Dive Shop, 389 F.Supp.2d 189, 191-92 (D.P.R. 2005) (citing United States v. Raddatz, 447 U.S. 667, 673 (1980)).

"Absent objection . . .[a] district court ha[s] a right to assume that [the affected party] agree[s] with the magistrate judge's recommendation." López-Mulero v. Vélez-Colón, 490 F.Supp.2d 214, 217-218 (D.P.R. 2007)(internal citations omitted). In reviewing an unopposed report and recommendation, the court "needs only [to] satisfy itself by ascertaining that there is no

---

[1] While the Magistrate Judge recommended that the case be stayed pending arbitration, the court will dismiss without prejudice to allow the parties to arbitrate their claims.

[2] The fourteen day deadline to file any objections expired on September 8, 2017. This term was extended to September 14, 2017, due to the passing of Hurricane Irma. See Notice from the Clerk No. 17-09 "Extension of Terms Due to Passage of Hurricane Irma."

'plain error' on the face of the record." <u>López-Mulero</u>, 490 F.Supp.2d at 218; <u>see also</u>, <u>Toro-Méndez</u> v. <u>United States of America</u>, 976 F.Supp.2d 79, 81 (D.P.R. 2013).

   B. <u>Recommendation</u>

   After a thorough analysis of the applicable law and relevant facts, the Magistrate Judge concluded that: (1) in 2006, plaintiff consciously and willingly signed a document titled "Mutual Agreement to Arbitrate Claims"; (2) the Agreement included a non-exhaustive list of covered arbitrable claims, including "claims for harassment, retaliation, or discrimination…"; and (3) plaintiff's case fell within the ambit of the 2006 Agreement (Docket No. 27, at pp. 2-4, 7-8).

   The Magistrate Judge considered, but ultimately discarded, plaintiff's argument that she had opted out of the 2006 Arbitration Agreement by signing an "Opt-Out" document in 2014. What plaintiff opted-out from was a 2014 arbitration agreement. As such, the Magistrate Judge concluded that plaintiff knowingly opted out of the 2014 Arbitration Agreement, but is bound by the terms of the 2006 Agreement.[3] The Court has made an independent examination of the entire record in this case and determines that the Magistrate Judge's findings are well supported in the record and the law. For the same reason, it adopts the R&R.

   As to disposition, defendants ask for a dismissal, or in the alternative, to stay proceedings pending arbitration (Docket No. 13 at pp. 12-13). Given that the issues raised in the action are arbitrable, the parties must submit them to arbitration. No live controversies will remain before this court. Retaining jurisdiction and staying the action would serve no purpose. <u>See</u>, <u>Caguas Satellite Corp.</u> v. <u>Echostar Satellite LLC</u>, 824 F. Supp. 2d 309, 316-317 (D.P.R. 2011)(so noting). <u>See also</u>, <u>Soto-Álvarez</u> v. <u>American Investment and Management Company (AIMCO)</u>, 561

---

[3] By its own terms the 2014 opt-out form stated that "I understand that submitting this form will not cancel an arbitration agreement that I have previously signed with Amgen or affect my obligation to arbitrate disputes under the terms of any existing agreement." <u>Id.</u> at p. 5; <u>see also</u> Docket No. 24-1 at p. 5, *Arbitration Agreement Opt-Out Form*.

F.Supp.2d 228, 230 (D.P.R. 2008)(granting motion to compel arbitration and dismissing complaint).[4]

## III.    CONCLUSION

In view of the foregoing, defendants' motion at Docket No. 13 is GRANTED.  The parties are compelled to arbitrate.  The case is dismissed.  Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of September, 2017.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge

---

[4] This conclusion does not preclude ultimate judicial review or enforcement of the arbitration award should the affected party consider it necessary.